ISAAC T. WISE, ADM'R OF NATHANIEL A. WARE, Appellant, *v.*
MARY LISA, Respondent.

*Partition—Estoppel.*—If the proceedings and judgment in partition be absolutely void as to any one claiming an interest in the land, he cannot subsequently claim the benefit of the judgment, nor have any share of the proceeds of sale received by the other parties; if the judgment be void, it does not affect his title.  (Gravier v. Ivory, p. 522 *seq.*)

*Appeal from St. Louis Court of Common Pleas.*

*Wise*, for appellant.

The judgment rendered in the case in partition was void as to Ware, and he is not therefore estopped by the record or concluded as to his right in equity to claim the proceeds of sale of his share. (Smith v. Davis, 27 Mo. 298; Thornton v. Thornton, id. 302.)

The fact that Mary Lisa, through the sheriff, made sale of the land (the proceeds of which Ware claims) without any privity with and claiming adversely to Ware, is no reason why Ware has no right to sue, no privity being necessary, it being for money had and received to Ware's use. (Dickey v. Fox, 24 Mo. 218; Hall v. Mastem, 17 Mass. 575–9; Mason v. Wait, 17 Mass. 563; Hawley v. Sage, 15 Conn. 52; Eagle Bank v. Smith & Parmlee, 5 Conn. 71.)

Particularly in cases of fraudulent conversion of the property of another, which is the case here as charged in the petition, privity is not necessary to the action.

The defendant having received the money by reason of a fraudulent pretence of title, the same remains in her hands as a trust; if she had no title as claimed, and the plaintiff did have the title claimed by her, the proceeds arising from the sale remains in her hands in trust or as trustee of plaintiff. (2 Story, Eq. Juris., 719, § 1257, and following; Taylor v. Plummer, 3 Maule & Selwyn, 575; Scott v. Surman, Willes, 402.)

Even where trust money of one is tortiously invested in land, equity will follow, and the land be vested in trustees to the use of the *cestui que* trust. (Wilson v. Forman, 2 Dick. 593; Wilson v. Deighton, and Balgney v. Hamilton, 1 Amb. 413.)

Upon the allegations of the bill defendant becomes the trustee of the plaintiff for the proceeds of the sale in her hands, which he (or his administrator) can claim as well as he or his heirs might have claimed the title, if no sale in partition had been made, and he might have affirmed the sale

and demanded the proceeds arising therefrom, at his option, to avoid circuity of action. (2 Story, Eq. Juris. § 1211, 1213; Bright v. Boyd, 1 Story, 479.)

Equitable conversion from real to personal, and *vice versa*, recognized. (2 Sto. Eq. Juris. § 1212; see particularly § 1201.) And on a sale in partition by and between heirs, the administrator can come in and claim assets to pay debts, because he and all others are barred of their rights either in law or equity by the sale. (Langham v. Darby, 13 Mo. 554; Owsley v. Smith, 14 Mo. 153; 2 Mo. Stat. p. 1116, § 35; Kincaid v. Cunningham, 2 Monf. 1; Auditor v. Nicholas, id. 31; Foster v. Wood, 6 J. C. R. 90; Turpin v. Thomas' Exrs. 2 Hen. & M. 139.)

In matters of partition, equity will interfere where law cannot remedy a wrong. (McIntyre v. Mancius, 6 Johns. 562.)

*Glover & Shepley*, for respondent.

Upon no principle of law can this suit be maintained. Ware had his day in court, and a judgment of a court of competent jurisdiction decided that he had no title to the land which was the subject matter of the suit. This will be seen by a moment's consideration, for

1. The judgment rendered in the case in partition was efficient to pass whatever title Ware had, if any in the premises, or it was not. If it was efficient, it was because Ware was made a party according to law, and the judgment was rendered so as to bind him. If the judgment was conclusive as to his rights in the land, then the purchaser took a good title, and neither the title of the purchaser nor the proceeds of the sale could be reached in any other way than that prescribed by the statute.

If the judgment is not good, then no harm has been done, and the heirs of Ware can bring their suit to recover whatever share they may have in the land. But by bringing the suit the plaintiff admits the proceedings in partition are valid and binding upon Ware and his heirs, and states so in his petition, and that the title of Ware was thereby divested.

2. The proceeding is only another way of bringing a bill of review, and that long after the time prescribed by the statute within which the bill of review could be brought.

Sec. 15, R. C. 1855, p. 1281, provides that all bills of review must be brought within three years, when the service was by publication.

DRYDEN, Judge, delivered the opinion of the court.

It appears from the petition in this case, that in the year 1850 this respondent instituted proceedings in the St. Louis Circuit Court against the appellant's intestate, Ware and others, for the partition of certain real estate in the city of St. Louis, which resulted in a judgment of partition and sale of the land, and payment of one-third of the proceeds to the respondent, corresponding to the share she claimed in the land. It seems that Ware claimed that the interest in the land which was adjudged to the respondent in the partition suit, was his and not hers. The object of the present suit was to recover the share of the proceeds of the sale which had been adjudged and paid to the respondent. The petition was demurred to and the demurrer sustained, and judgment for the respondent.

If, as the appellant has argued in this court, the judgment in partition was a nullity (and the allegations of his petition certainly would not warrant us in saying it was valid), then the proceedings in partition did not affect the title of Ware, and presented no obstacle to a recovery of the land involved, in case his possession was interfered with. This being true, it furnishes an answer to this action ; for if Ware was not injured by the proceedings in partition (and he was not unless his title was thereby divested), he has no grievance to be redressed, and no reason exists why he or his administrators should take to himself the fruits of a harmless and confessedly void sale.

With the concurrence of the other judges, the judgment will be affirmed.